# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

EUTIMIO LOPEZ,

        Plaintiff,

  vs.

CA. HOSPITAL CARE FACILITY,

        Defendant.

No. 2:17-CV-1508-TLN-CMK-P

FINDINGS AND RECOMMENDATIONS

/

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

4  allege with at least some degree of particularity overt acts by specific defendants which support

5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

6  impossible for the court to conduct the screening required by law when the allegations are vague

7  and conclusory.

8  Plaintiff names "CA. Hospital Care Facility" in Stockton, California, which is the

9  institution in which plaintiff states he is currently incarcerated and where the alleged violations

10 took place, as the only defendant.  To the extent plaintiff is suing the California Health Care

11 Facility (CHCF), such defendant is immune from suit.  The Eleventh Amendment prohibits

12 federal courts from hearing suits brought against a state both by its own citizens, as well as by

13 citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053

14 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against

15 state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam);

16 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for

17 incarceration and correction of prisoners is a state agency for purposes of the Eleventh

18 Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona,

19 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

20 Because it does not appear possible that the deficiencies identified herein can be

21 cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

22 the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

23 / / /

24 / / /

25 / / /

26 / / /

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 7, 2018

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE